Filed 12/23/13  P. v. Salazar

## NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

| | |
|---|---|
| THE PEOPLE, | C073245 |
| Plaintiff and Respondent, | (Super. Ct. No. 10F00232) |
| v. | |
| ROGELIO ROBLES SALAZAR, | |
| Defendant and Appellant. | |

A jury found defendant Rogelio Robles Salazar guilty of three counts of lewd and lascivious acts with a child under age 14 (Pen. Code,[1] § 288, subd. (a); counts two, six, & seven), two counts of aggravated lewd acts with a child under age 14 (§ 288, subd. (b)(1); counts one & three), aggravated sexual assault (rape) of a child (§ 269, subd. (a)(1); count four), and aggravated sexual assault (sodomy) of a child (§ 269, subd. (a)(3); count five). The jury found true an allegation that defendant committed the foregoing offenses against

_____

[1] Further statutory references are to the Penal Code unless otherwise indicated.

1

two or more victims. (§ 667.61, subd. (e)(4).) Defendant was sentenced to prison for an aggregate term of 75 years to life.

On appeal, defendant contends the trial court erred when it (1) granted the prosecutor's motion to amend the operative information during jury deliberations to add the multiple-victim allegation, and (2) gave a jury instruction that did not require jurors to make a finding on each element of the multiple-victim allegation before concluding the allegation was true. We affirm.

FACTUAL AND PROCEDURAL BACKGROUND

In June 2010, the prosecution filed a complaint charging defendant with six sexual offenses against victims J.V., Jo.V., and A.D. The complaint alleged three counts of lewd acts (§ 288, subd. (a); counts four, five, & six), one count of aggravated lewd acts (§ 288, subd. (b)(1); count three), and two counts of aggravated sexual assault (§ 269, subds. (a)(1) & (a)(3); counts one & two). The complaint alleged that defendant committed the offenses against more than one victim within the meaning of section 667.61, former subdivision (e)(5), now subdivision (e)(4). (See Stats. 2010, ch. 319, § 16.) The underlying facts are not at issue and need not be set forth in this opinion.

Following a preliminary examination, the trial court found sufficient evidence that defendant committed each count and that the multiple-victim allegation was true. The court deemed the complaint an information.

In August 2012, the prosecution filed an amended information that alleged the same counts and multiple-victim allegation as the original information.

In October 2012, the prosecution filed an amended consolidated information that added a second count of aggravated lewd acts (§ 288, subd. (b)(1)) involving a fourth victim, J.S. The underlying facts of that offense are not at issue and need not be set forth in this opinion. The amended consolidated information included the same counts and multiple-victim allegation as the original information and the amended information.

2

On November 27, 2012, after jurors and alternate jurors were sworn to try the cause, the prosecutor proposed to file a second amended consolidated information. This exchange ensued:

"THE COURT: . . . [¶] . . . [¶] I understand the prosecution has an Amended Information to file. [¶] . . . [¶] . . . Can you just tell me what the charges are in general?

"[THE PROSECUTOR]: Mainly, Your Honor, I changed dates and ages. Some of the dates were off by, like, two days. On Counts 6 and 7, I just made it 'first time,' 'last time.' I think originally it said, while in the chicken barn. I made it 'first time,' 'last time.'

"I provided the Amended Information to [defense counsel]. I have not made any substantive changes. It is still seven counts. All the charges are still the same so it is just the dates that were changed.

"THE COURT: Have you had an adequate opportunity to review the proposed Amended Information, [defense counsel]?

"[DEFENSE COUNSEL]: I have. I submit it, Your Honor.

"THE COURT: It, appearing that the changes are not significant and don't prejudice the defense at this point, I will order it filed."

According to the trial court's minutes, the second amended consolidated information "contained no substantive changes per [the deputy district attorney] (corrections to dates and minor non-substantive language changes only)."

Contrary to the prosecutor's representation and the parties' evident understanding, the second amended consolidated information differed from the prior amended consolidated information in that it omitted these two consecutive paragraphs:

"NOTICE: Conviction of any [of] the offenses will require the court to order you to submit to a blood test evidence [*sic*] of antibodies to the probable causative agent of Acquired Immune Deficiency Syndrome (AIDS). Penal Code section 1202.1.

"It is further alleged that the defendant, ROGELIO SALAZAR, committed the above described offense(s) against two or more victims, within the meaning of Penal Code Section 667.61(e)(5)."

The jury began its deliberations on the morning of December 6, 2012. Around 4:00 p.m., the jury requested readback of the testimony of J.V., the victim of the two counts of aggravated sexual assault and one count of aggravated lewd acts.

The next morning, December 7, 2012, the prosecutor asked to amend the second amended consolidated information to add the multiple-victim allegation, which inadvertently had been omitted. The trial court declined to allow the amendment unless the jury returned guilty verdicts that put the allegation into play. The court indicated that, if such verdicts were returned, the court would consider allowing the amendment along with further instruction and deliberations, thus treating the matter "as a bifurcated trial" on the multiple-victim allegation.

During the afternoon session, the prosecutor presented some decisional authority that gives a trial court discretion to allow amendment of the information at any point in the proceeding. The trial court remarked: ". . . I believe all of us were under the impression that this was a life case. We conducted the jury selection with that in mind. I, frankly, didn't pay attention to exactly why it was a life case; but, apparently, it is that particular special allegation that makes it a life case."

Over defense counsel's objection, the trial court allowed the prosecutor to file a third amended consolidated information. Defense counsel waived formal arraignment and entered a denial of the multiple-victim allegation.

That afternoon, the jury informed the trial court that it had reached a verdict on six of the seven counts and was undecided on the remaining count. The court decided to accept the verdict on the six counts and discuss with the jury whether further deliberation was wise on the undecided count. But after further discussion, the court declined to accept verdicts on counts four and five because it needed to provide further instruction

4

clarifying the existing law. The court received guilty verdicts on the four remaining counts, which involved violations of section 288, subdivision (a) or (b)(1), against three different victims.

Based on the jury's verdict on the four counts, the trial court instructed the jury on the multiple-victim allegation. Outside the jury's presence, defense counsel objected to submission of the multiple-victim issue. The prosecutor countered that "[w]e all were under the opinion that this was charged. This is not a surprise to defense counsel. It was a typographical error that was made, and I think it should be allowed." The jury ultimately found defendant guilty of the three remaining counts and found the multiple-victim allegation true.

## DISCUSSION

### I
### *Amendment of the Information*

Defendant contends the trial court erred prejudicially and violated his federal constitutional rights when it allowed the prosecution to amend the information during jury deliberations to add the multiple-victim allegation. (§ 667.61.) We disagree.

### A. *Relevant Principles of Law*

Section 1009 grants the trial court discretion to allow an amendment of an information "at any stage of the proceedings," and the trial "shall continue as if the pleading had been originally filed as amended," unless the defendant's substantial rights would be prejudiced, in which case the court may grant a postponement. (§ 1009.) The appellate court reviews the trial court's decision for abuse of discretion. (*People v. Miralrio* (2008) 167 Cal.App.4th 448, 458; *People v. Bolden* (1996) 44 Cal.App.4th 707, 716.) " '[W]here . . . a discretionary power is inherently or by express statute vested in the trial judge, his or her exercise of that wide discretion must not be disturbed on appeal *except* on a showing that the court exercised its discretion in an arbitrary, capricious or patently absurd manner that resulted in a manifest miscarriage of justice.' " (*People v.*

5

*Gutierrez* (2009) 45 Cal.4th 789, 828 (*Gutierrez*), quoting *People v. Jordan* (1986) 42 Cal.3d 308, 316.)

## B. *Oversight or Clerical Error*

Defendant first contends the record "does not support a conclusion that the failure to allege the multiple victims enhancement in the second amended consolidated information was an oversight by the prosecutor . . . ." Instead, defendant surmises that he "was facing a lengthy term without the multiple victims enhancement, and the prosecutor may have believed that alleging that enhancement was simply unnecessary overkill." Defendant claims this surmise is supported by the fact the multiple-victim allegation was never mentioned during the evidentiary portion of the trial, during conferences on jury instructions, or during the parties' summations. Defendant argues his claim of an intentional omission is further supported by the fact the prosecutor did not seek to amend the second amended consolidated information until the jury requested readback of the testimony of J.V., the victim of the three most serious charges. Defendant claims it "appears clear that the prosecutor intentionally dropped the multiple victims enhancements, but decided that he should reallege that enhancement when he feared that the jury may not find [him] guilty of the charges on which [J.V.] was the victim."

The People counter that defendant "does not cite anything in the record" to support his confident claim. We conclude the claim has no merit.

Nothing in the record supports defendant's speculation that "the prosecutor may have believed that alleging that enhancement" was "unnecessary overkill." Nor does the record suggest why, if the prosecutor *did* so believe, he would fail to note his magnanimous deletion of the allegation. The trial court's failure to speculate along the lines suggested by defendant was not arbitrary, capricious, or patently absurd. (*Gutierrez, supra,* 45 Cal.4th at p. 828.)

The fact the multiple-victim allegation was never mentioned during the evidentiary portion of the trial, during conferences on jury instructions, or during the

6

parties' summations, suggests that the parties hewed to the operative pleading. The fact the prosecutor did so does not support defendant's surmise that he was aware of the omissions from the second amended consolidated information.

Finally, defendant has not cited any evidence that the timing of the request to amend, on the heels of the jury's request for a readback of J.V.'s testimony, was anything more than coincidental.

## C. *Surprise*

Defendant argues that the motion to file the third amended consolidated information was made at a "very late stage in the proceedings" when he "would certainly have been surprised by it." The People properly counter that, if defendant was surprised, it was not for lack of notice. The multiple-victim allegation was charged in every operative pleading except the second amended consolidated information.

Section 1009 ensures adequate notice by providing that an information may not be amended "so as to charge an offense not shown by the evidence taken at the preliminary examination." Here, the multiple-victim allegation was shown by the evidence at the preliminary hearing. Thus, there was no bar to adding the enhancing allegation that had been charged in the complaint but omitted from the previous information. (*People v. Superior Court* (*Mendella*) (1983) 33 Cal.3d 754, 764, superseded by statute on another point as stated in *In re Jovan B.* (1993) 6 Cal.4th 801, 814, fn. 8.)

Defendant responds that he is not contending lack of notice but is contending that he was surprised. He relies on *People v. Valladoli* (1996) 13 Cal.4th 590, which does not support his argument. In that case, our Supreme Court found the defendant "was not actually surprised by the new charges" of prior felony convictions, in part because they had been charged in the original felony complaint and discussed at the preliminary examination. (*Id.* at p. 608.) Similarly here, the multiple-victim allegation was charged in the original complaint and upheld at the preliminary examination. Defendant has not established that he had been surprised.

7

D. *Prejudice*

Defendant claims the record fails to support "at least one of the reasons the trial court stated" to support its finding that the amendment would not prejudice him. The court remarked: "I believe all of us were under the impression that this was a life case. We conducted the jury selection with that in mind. I, frankly, didn't pay attention to exactly why it was a life case; but, apparently, it is *that particular special allegation* [(of multiple victims)] that makes it a life case." (Italics added.)

Defendant notes that this was "a life case" at trial for a different reason: the second amended consolidated information alleged two counts of aggravated sexual abuse (§ 269), which each carried terms of 15 years to life. But the gist of the trial court's remark was that, because the case had been treated as a life case, defendant was not prejudiced; *why* the parties had treated the case as they did was not central to the prejudice analysis. Any misunderstanding by the court on that point does not show an abuse of discretion.

Defendant lastly contends he may have entered into a plea agreement had the prosecutor not kept changing the allegations. He claims he "could not determine whether or not to accept a plea offer because he could not tell the amount of potential time he was facing." The People counter that the multiple-victim allegation had been sustained at the preliminary examination and alleged in each charging document through the amended information; thus, defendant knew he faced a life term depending on the outcome of the case.

Defendant replies that, contrary to the People's claim, the multiple-victim allegation had not been charged consistently as to all counts. We disagree.

The complaint, deemed the information, alleged that defendant "committed *the above described offense(s)* against two or more victims, within the meaning of Penal Code Section 667.61(e)(5)." (Italics added.)

8

The amended information alleged in relevant part that defendant "has been convicted in the present case or cases of committing *an offense* specified in subdivision (c) against more than one victim, within the meaning of Penal Code Section 667.61(e)(5)."  (Italics added.)

The amended consolidated information reverted to the prior terminology, alleging that defendant "committed *the above described offense(s)* against two or more victims, within the meaning of Penal Code Section 667.61(e)(5)."  (Italics added.)

The third amended consolidated information repeated the language of the amended consolidated information.

Thus, the amended information differed from its predecessor and successors in that it hewed more closely to the language of the statute.[2]  There is no indication that this was for the purpose of limiting the allegation to a single count.  Nor is there any indication that the reversion to the prior language was for the opposite purpose.

During plea negotiations at the time of the amended information, the prosecutor did not state clearly whether the multiple-victim enhancement applied to more than one count.

This exchange followed:

"THE COURT:  . . . [I]t does appear that the potential exposure to [defendant] is a life term, depending on the outcome of this case.

"The [P]eople had previously indicated a life offer, and I understand at this point there is no further refinement or revision or request to engage in any further negotiations on the resolution of this case.

"Is that correct, from the [P]eople's perspective?

---

[2]  Section 667.61, former subdivision (e)(5), now subdivision (e)(4), provides:  "The defendant has been convicted in the present case or cases of committing an offense specified in subdivision (c) against more than one victim."

9

"[THE PROSECUTOR]: Yes, your Honor.

"THE COURT: And defense?

"[DEFENSE COUNSEL]: Yes, your Honor."

This record does not support defendant's claim that he "could not determine whether or not to accept a plea offer . . . ." The foregoing exchange gave defense counsel an opportunity to remark that he could not "tell the amount of potential time [defendant] was facing" and thus request clarification. Instead, counsel acknowledged that he was not seeking refinement, revision, or further negotiations.

In sum, the trial court did not exercise its discretion in an arbitrary, capricious or patently absurd manner that resulted in a manifest miscarriage of justice. (*Gutierrez, supra,* 45 Cal.4th at p. 828.) The trial court's order allowing amendment of the information was not an abuse of discretion.

## II
### *Instructional Error*

Defendant contends the trial court erred prejudicially and violated his federal constitutional rights when it instructed the jury with a modified version of CALCRIM No. 3181 that, contrary to the pattern instruction, did not specify which of the seven charged sex offenses were listed in section 667.61, subdivision (c); thus, the instruction allowed the jury to find the multiple victims allegation true if it simply found him "guilty of two or more sex offenses." Defendant claims the defective instruction was prejudicial because the jury could have based its true finding on his two convictions of aggravated sexual assault (§ 269), an offense not listed in section 667.61. We find no prejudicial error.

### A. *Background*

The operative information alleged three counts of lewd acts upon two victims, A.D. and Jo.V.; two counts of aggravated lewd acts upon two victims, J.S. and J.V.; and two counts of aggravated sexual assault of one victim, J.V.

10

Lewd acts and aggravated lewd acts are listed in section 667.61, subdivisions (c)(4) and (c)(8).  Aggravated sexual assault is not listed.

The trial court instructed the jury with a modified version of CALCRIM No. 3181, as follows:  "There is an allegation which we generally refer to as a multiple-victim allegation.  [¶]  And you are requested to make a finding as to whether or not that allegation is true or not true.  The construction that applies -- and I will provide you with a copy of this -- is as follows:  If you find the defendant guilty of two or more sex offenses, you must then decide whether the People have proved the additional allegation that those crimes were committed against more than one victim.  [¶]  The People have the burden of proving this allegation beyond a reasonable doubt.  If the People have not met this burden, you must find that this allegation has not been proved."

The jury returned a verdict finding the allegation true.

### B.  *Forfeiture*

The People claim defendant forfeited his contention by failing to request a clarifying instruction from the trial court.  (Citing *People v. Hillhouse* (2002) 27 Cal.4th 469, 503 ["A party may not argue on appeal that an instruction correct in law was too general or incomplete, and thus needed clarification, without first requesting such clarification at trial"].)  But the trial court's instruction was not "correct in law," for reasons that were apparent to the drafters of CALCRIM No. 3181.

The first sentence of the pattern instruction provides:  "If you find the defendant guilty of two or more sex offenses, as charged in Counts _____ *<insert counts charging sex offense[s] from Pen. Code, § 667.61(c)>*, you must then decide whether the People have proved the additional allegation that those crimes were committed against more than one victim."  (Judicial Council of Cal. Crim. Jury Instns. (2013) CALCRIM No. 3181, p. 863.)  The obvious purpose of the blank and the italicized text is to confine the jury's attention to sex offenses listed in section 667.61, subdivision (c), thus avoiding precisely the error raised by defendant.  Because the trial court's modified instruction did not so

11

confine the jury's attention, and thus allowed consideration of all seven sex offenses of which defendant had been found guilty, *including the two counts of aggravated sexual assault that were not listed in section 667.61, subdivision (c),* the instruction was not correct in law and defendant did not forfeit his contention.

## C. *Prejudice*

Defendant contends the erroneous instruction was prejudicial because "it is impossible to determine whether or not the jury used the count four and count five violations of section 269 to find that [he] had committed sex offenses against multiple victims." We disagree.

"The beyond-a-reasonable-doubt standard of *Chapman* [*v. California* (1967) 386 U.S. 18, 24 [17 L.Ed.2d 705, 710-711] (*Chapman*)] 'requir[es] the beneficiary of a [federal] constitutional error to prove beyond a reasonable doubt that the error complained of did not contribute to the verdict obtained.' (*Chapman, supra*, 386 U.S. at p. 24.) 'To say that an error did not contribute to the ensuing verdict is . . . to find that error unimportant in relation to everything else the jury considered on the issue in question, as revealed in the record.' (*Yates v. Evatt* (1991) 500 U.S. 391, 403 [114 L.Ed.2d 432] [disapproved on other grounds in *Estelle v. McGuire* (1991) 502 U.S. 62, 72, fn. 4 [116 L.Ed.2d 385, 399]].) Thus, the focus is what the jury actually decided and whether the error might have tainted its decision. That is to say, the issue is 'whether the . . . verdict actually rendered in this trial was surely unattributable to the error.' (*Sullivan v. Louisiana* (1993) 508 U.S. 275, 279 [124 L.Ed.2d 182].)" (*People v. Neal* (2003) 31 Cal.4th 63, 86.)

As we have seen, the jury unanimously convicted defendant of five sex offenses that are listed in section 667.61, subdivision (c), as well as two additional sex offenses that are not listed in that statute. Because every juror agreed that defendant was guilty of all counts, no juror had any basis in the record to believe the conviction on count four or count five somehow was important to his or her determination of the multiple-victim

allegation.  The fact the jury erroneously was allowed to consider counts four and five was "unimportant in relation to everything else the jury considered on the issue in question, as revealed in the record." (*Yates v. Evatt, supra,* 500 U.S. at p. 403.)  Because the ability to consider counts four and five could not have altered the jury's determination of the multiple-victim issue, the "verdict actually rendered in this trial was surely unattributable to the error." (*Sullivan v. Louisiana, supra,* 508 U.S. at p. 279.)  Thus, the instructional error was harmless beyond a reasonable doubt.  (*Chapman, supra*, 386 U.S. at p. 24.)

DISPOSITION

The judgment is affirmed.


    BLEASE    , Acting P. J.


We concur:


    HULL    , J.


    MURRAY    , J.